## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | 8:12CR156 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **RYAN D. FREITAG,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the motion for a change of venue by defendant Ryan D. Freitag (Freitag) (Filing No. 38). Freitag is charged in the Indictment with use and attempted use of visual depictions in interstate commerce to entice a person under the age of eighteen to engage in sexually explicit conduct (Count I) in violation of 18 U.S.C. § 2251(a); the receipt and distribution of child pornography (Counts II and III) in violation of 18 U.S.C. § 2252A(a)(2); and the possession of child pornography (Count IV) in violation of 18 U.S.C. § 2252(a)(4)(B). At the time of the return of the Indictment, the United States requested the place of trial to be in Omaha, Nebraska, and the Indictment was calendared accordingly in accordance with NECrimR 18.1. Freitag moves to change the place of trial to North Platte, Nebraska, pursuant to NECrimR 18.1(b). The United States opposes the motion.

The court held a hearing on the motion on October 18, 2012. Freitag waived his appearance at the hearing (Filing No. 46). Freitag was represented by Assistant Federal Public Defender Michael F. Maloney and the United States was represented by Assistant United States Attorney Michael P. Norris. In his motion, Freitag argues the Indictment arose from events occurring in Ogallala, Nebraska, where Freitag resided at the time of his arrest on the Indictment; the allegations were investigated by Sergeant Lovelace of the Nebraska State Patrol (NSP) who is stationed in Scottsbluff, Nebraska; Freitag seeks a jury of his peers from the western part of Nebraska rather than from Omaha; the witnesses reside in either Scottsbluff or Ogallala, Nebraska, closer to North Platte than Omaha; and Freitag now resides at Bristol Station in Hastings, Nebraska, closer to North Platte than Omaha.

At the hearing, Freitag did not present an affidavit pursuant to NECrimR 18.1(b), but proffered facts as set forth in his brief in support of his motion (TR. 3).  The government did not dispute the proffer (TR. 3).  Those facts as set forth in Freitag's brief are as follows:

> Freitag is alleged to have engaged in "sexting" which is an activity whereby parties exchange either naked photos of themselves or photos showing themselves engaging in some type of sexual activity. In this particular case, Freitag, had been communicating via Facebook with a 15 year old woman in West Virginia. During the course of these communications Freitag requested that the woman send him pictures of herself in her bathing suit. She complied and sent him a series of pictures which he received on his computer while residing in Ogallala, Nebraska. While he did not initially request she do so, she included in the series of pictures she sent him, pictures of her breasts and genitals.
>
> Law enforcement became alerted to the photos during investigation of a report that the same 15 year old woman stole someone else's I-pod. When law enforcement in West Virginia discovered the communications and photo exchange between Freitag and the 15 year old woman they alerted authorities in Nebraska. Nebraska State Patrol Sgt. Monty Lovelace of Scotts Bluff, Nebraska was assigned to conduct the local investigation. As part of the investigation, Sgt. Lovelace took over the Facebook account of the minor in question and posed as her to continue communicating with Freitag. During those communications Freitag was pressured and enticed to send back to her a [sic] copies of the nude and sexualized photos she had initially sent to Freitag. Though he had deleted the items, he was able to recover thumbnail versions from the computer's cache and unwittingly sent those back to Trooper Lovelace.
>
> Freitag currently resides in Hastings, Nebraska.

(Filing No. 39 - Brief p. 1-2).  Freitag presented no other evidence at the hearing (TR. 4).

At the government's request, the court took judicial notice of the Pretrial Services Report (Filing No. 7).  The government proffered the fifteen-year old victim, her mother, and any local law enforcement officers who investigated the case in West Virginia reside in West Virginia.  Sergeant Lovelace would be traveling from Gering, Nebraska.  There also may be another witness from Lincoln, Nebraska.  Mr. Maloney did not dispute the proffer (TR. 5).

During the allocution on the motion, Mr. Maloney conceded that changing the place of trial to North Platte was unwarranted but requested the trial be transferred to Lincoln for trial (TR. 6). Mr. Maloney's primary reason for moving the trial to Lincoln was Freitag's placement for rehabilitation at Bristol Station in Hastings was nearer to Lincoln than Omaha, which would allow for Freitag's commute during trial. The government argued that Omaha should remain the place of trial as being more convenient to the victim and to witnesses from West Virginia.

> Fed. R. Crim. P. 18 provides:
>
> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. **The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.**

(emphasis added). While the court has considerable discretion in determining the place of trial, the court must consider the factors set forth in Rule 18. *United States v. Stanko*, 528 F.3d 581, 586 (8th Cir. 2008).

In considering the factors set forth in Rule 18, I find trial should remain in Omaha. Freitag has conceded the "evidence compelling trial in North Platte . . . simply isn't there according to the case law" (TR. 6). Whereupon Freitag changed his request to trial in Lincoln versus North Platte. In lieu of detention, Freitag was placed at Bristol Station in Hastings. That fact is the only connection to Hastings. While Hastings is closer to Lincoln than Omaha, the difference in distance is not compelling for the convenience of the defendant. The convenience of the witnesses from West Virginia and western Nebraska preponderates in favor of Omaha where choices of travel and accommodations are more abundant. Also, trial in Lincoln would require allocation of a courtroom among the Lincoln judge's dockets while Chief Judge Laurie Smith Camp and her staff are available in Omaha. The prosecutor and defense counsel are officed in Omaha. Considering the totality of circumstances, I find trial of this matter should remain in Omaha.

During the evidentiary hearing on October 18, 2012, Freitag's counsel requested a continuance of the trial regardless of where trial was to take place. The government had no objection. Freitag has filed an affidavit wherein he agrees with the motion and

acknowledges the time provided for the motion would be excludable under the Speedy Trial Act (Filing No. 48).

**IT IS ORDERED** Freitag's motion to change venue (Filing No. 38) is denied.

**IT IS FURTHER ORDERED** Freitag's oral motion for a continuance of trial is granted. Trial of this matter is rescheduled for trial before Chief Judge Laurie Smith Camp and a jury in Omaha, Nebraska, on **January 29, 2013**. The ends of justice have been served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial. The additional **time** arising as a result of the granting of the motion, i.e., the time between **November 2, 2012, and January 29, 2013,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that defendant's counsel requires additional time to adequately prepare the case. The failure to grant additional time might result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(A) & (B).

## ADMONITION

Pursuant to NECrimR 59.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order. Failure to timely object may constitute a waiver of any such objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 2nd day of November, 2012.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge